ment in favor of plaintiffs upon additional findings. This action was brought to determine the title to a certain piece of real property situate on the northwest corner of South Park avenue and Abbott road in the city of Buffalo. The plaintiffs claim the property as the executors of the estate of Louisa Stamp, deceased, and those of the defendants who have appeared and answered claim the property as heirs at law of one Michael Roberts, deceased, former husband of said Louisa Stamp. The Appellate Division held that Louisa Stamp, at the time of her death, had acquired title by adverse possession.

*Carlos C. Alden* for appellants.

*George H. Kennedy* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

MADALINE REALTY CORPORATION et al., Appellants, *v.* JOHN KADEL, Respondent.

*Vendor and purchaser — contract for sale of real property — action to recover for breach.*

*Madaline Realty Corpn.* v. *Kadel*, 206 App. Div. 663, affirmed.

(Argued October 23, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 18, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury. The action was to recover damages for the alleged breach of a contract to sell real estate. It was alleged that defendant agreed to buy in the property at the foreclosure sale in an action brought by his wife to foreclose a mortgage thereon held by her, the price which he was to bid to be at least the amount of the selling price of the property to the plaintiffs, to wit, $105,000, and, if the property brought more than such sum, to pay to the plaintiffs

the excess, whereupon the contract would be canceled. Before the sale the owner of the equity of redemption notified the mortgagee that an assignment of said mortgage would be required. Thereafter the assignment was made, and although the foreclosure proceedings continued defendant claimed that he was no longer obliged to bid in the property and notified plaintiff that he would be unable to perform and offered to return the deposit upon their releasing him from liability.

*Alexander Pfeiffer* and *Seth V. Elting* for appellants.

*J. Philip Van Kirk* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GENEROSO PETECCA et al., as Administrators of the Estate of MICHAEL PETECCA, Deceased, Respondents, *v.* THE BRONX GAS AND ELECTRIC COMPANY, Appellant, Impleaded with Others.

*Negligence — electricity — death through coming in contact with lighting fixture — alleged defective transformer.*

*Petecca* v. *Bronx Gas & Electric Co.*, 206 App. Div. 748, affirmed.
(Argued October 23, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1923, affirming a judgment in favor of plaintiffs entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Decedent, while delivering ice in a cellar came in contact with an electric lighting fixture and received a shock from which he died. The complaint alleged that defendant's transformer was defective and allowed the entire current carried by the feed wire to pass into the building.

*Thomas H. Rothwell* for appellant.

*Thomas G. Price* for respondents.